```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


KEITH STILL,                        :

     Petitioner,                    :

vs.                                 :     CIVIL ACTION 09-00652-WS-B

WARDEN KENNETH JONES,               :

     Respondent.                    :
```

## REPORT AND RECOMMENDATION

Keith Still, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corrs., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

## FINDINGS OF FACT

Still was convicted in the Circuit Court of Baldwin County of first-degree rape on September 16, 1994, and was sentenced to twenty years imprisonment. (Docs. 1, 6). Petitioner appealed, and the

Alabama Court of Criminal Appeals affirmed his conviction and sentence on May 5, 1995. (Id.; Doc. 6, Ex. B). Still's application for rehearing was overruled on June 19, 1995, and the appellate court, on August 25, 1995, issued its certificate of final judgment, thereby concluding Still's direct appeal. (Doc. 6, Ex. A). Although Still asserts that he sought certiorari review by the Alabama Supreme Court (Doc. 1 at 3), his assertion is not supported by the record.  On June 23, 2003, Still filed a Rule 32 petition attacking his conviction, which was denied by the trial court on December 4, 2003.  (Doc. 6, Ex. C).  The Alabama Court of Criminal Appeals dismissed Still's appeal of the trial court's denial of his Rule 32 petition, and issued its certificate of judgment on January 12, 2004. (Id.)

Still filed the instant habeas petition seeking habeas relief in this Court on September 28, 2009[1]. (Doc. 1). Still alleges that 1)the trial court erroneously admitted testimony regarding his collateral acts; 2) the trial court did not sufficiently cure prejudicial and improper statements by a witness; 3) the trial court was without jurisdiction to convict and sentence him; and 4) his trial and appellate counsel were ineffective. (Id.)

---

[1] Under the prison mailbox rule, the Court will assume that Still actually delivered his petition to prison officials for mailing and filed his habeas petition on September 28, 2009, the date that it was signed and dated. Houston v. Lack, 487 U.S. 266, 271-272, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Washington v. United States, 243 F.3d 1299 (llth Cir. 2001).

2

Respondent's Answer (Doc. 6) to Still's habeas petition contains the defense that Petitioner is not entitled to habeas corpus relief because his petition and claims are barred by the one-year limitation period set forth in the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. Section 2244(d)(1).

## CONCLUSIONS OF LAW

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review."  The Act provides that:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court.  The limitations period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Dep't of Corrections, 297 F.3d 1278, 1283 (11th Cir. 2003); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000).  In other words, AEDPA's one-year statute of limitation expires on April 23, 1997, for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date.

In the case at bar, on direct appeal, the Alabama Court of Criminal Appeals overruled Still's application for rehearing on June 19, 1995, and entered a certificate of judgment on August 25, 1995. Thus, Still's conviction became final on that date. Because Still's conviction became final prior to enactment of the AEDPA, his petition for habeas corpus relief should have been filed no later than April 23, 1997.  As noted, Still's habeas corpus petition was not filed in this Court until September 28, 2009, more than twelve (12) years after the statutory deadline had expired.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In Re Hill, 437 F.3d

1080, 1083 (11th Cir. 2006). Although Still filed a Rule 32 petition with the trial court, the petition was not pending during the running of the limitation period as it was not filed until June 23, 2003, which is after the AEDPA limitation period had expired. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). Accordingly, Still's Rule 32 petition, filed on June 23, 2003, did not toll the limitations period because the limitations period had already expired by the time the Rule 32 petition was filed. Thus, Still's federal habeas petition was untimely filed.

Before recommending dismissal of Still's petition for habeas relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which require a

contrary conclusion. Thus, unless Still can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

>The Eleventh Circuit has stated that:
>
>> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir.), cert. denied,

6

535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In the Court's Order entered following a review of Respondent's Answer, Still was directed to show cause, by March 11, 2010, why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d)(1) as time-barred. (Doc. 7). To date, Still has failed to respond to the Court's Order.  However, in the space provided on the Court's habeas form to indicate why the statute of limitations does not bar his conviction, Still merely repeats his original claims but fails to provide any justification for the untimely filing of his habeas petition in this Court. (Doc. 1 at 12). He has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Consequently, Still has failed to present any evidence which demonstrates that he is entitled to the equitable tolling of the AEDPA's statutory limitations period.

Still instead states that he is actually innocent of the crime for which he was convicted.[2] (Doc. 1 at 12).  In order to

---

[2] The 11th Circuit has never held that 2244(d)'s limitation period carries an actual innocence exception. Taylor v. Secretary, Dep't of Corrections, 230 Fed. Appx. 944, 945 (11th Cir. 2007) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of

demonstrate actual innocence in a post-conviction proceeding, a petitioner must first "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). The evidence presented must support the proposition that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327 (internal quotations omitted). "A petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327. In other words, Still must persuade this Court "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id.

In the case sub judice, Still has offered no proof or evidence to support his claim of innocence. Moreover, a review of the record does not reveal any evidence which would tend to support his contention that he is actually innocent. Indeed, Still makes only

---

actual innocence."). But cf. U.S. v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2000) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by Appellant's failure to timely file his § 2255 motion."). However, several other circuits have recognized such an exception. See, e.g., Souter v. Jones, 395 F.3d 577 (6th Cir. 2005); Flanders v. Graves, 299 F.3d 974 (8th Cir. 2002). Assuming, without deciding, that a petitioner's actual innocence might support an equitable tolling of the limitation period, Still, nevertheless, has failed to make a substantial showing of actual innocence.

one fleeting reference to innocence in his petition, and although he was permitted an opportunity to file a response to Respondent's Answer, he failed to do so.  In sum, Petitioner has not provided the Court with any credible new evidence, through scientific or physical evidence or new eyewitness testimony, to support his claim of actual innocence. Thus, he has failed to make a colorable showing of actual innocence.

Where Respondent has asserted the defense of statute of limitations and Petitioner has failed to meet his burden of establishing the existence of extraordinary circumstances which would justify the equitable tolling of AEDPA's limitation period, the undersigned must recommend that this case be dismissed as time-barred.  Accordingly, the undersigned finds that because Still has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and that judgment be entered in favor of Respondent.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'").

In the instant action, Still's claims are clearly time-barred, and he has failed to present extraordinary circumstances beyond his control which prevented him from filing this action in a timely manner. Steed,  219 F.3d at 1300.  He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. Schlup, 513 U.S. at 327. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484, 120

S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that Still's petition for habeas corpus relief be **DENIED** as time-barred and that Still is not entitled to issuance of a Certificate of Appealability. It is so recommended.

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this the **7th** day of **April, 2010**.

                                        **/S/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  *Objection*.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Opposing party's response to the objection.**  Any opposing

---

[3]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

12


party may submit a brief opposing the objection within fourteen (14) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.